United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MAURICIO CRISTANCHO, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00110 |
| | § | |
| SWBC MORTGAGE CORPORATION, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a motion for summary judgment filed by Defendants SWBC Mortgage Corporation and Cenlar, FSB. *See* Dkt. 30. I recommend the motion be granted.

## BACKGROUND

In November 2019, Plaintiffs Mauricio Cristancho and Idali Melgar borrowed $317,559 from SWBC to finance the purchase of real property located at 1725 Coral Cliff Drive, Dickinson, Texas 77539 (the "Property"). To secure performance of the promissory note, Plaintiffs executed a deed of trust in favor of SWBC. Cenlar is the current mortgage servicer.

In early 2020, Plaintiffs lost their employment because of the COVID-19 pandemic. Due to their financial hardship, Plaintiffs entered into a forbearance agreement with SWBC. After the forbearance agreement concluded, SWBC informed Plaintiffs they needed to complete a loan modification packet. Plaintiffs eventually submitted the requested information, but SWBC denied the loan modification request.

On February 14, 2022, SWBC sent Plaintiffs a letter informing them that they were eligible for the COVID-19 Recovery Standalone Partial Claim ("Partial Claim"), a zero-interest-rate junior lien on the Property that would become due when Plaintiffs sold their home or paid off the mortgage. In the same letter, SWBC

informed Plaintiffs that they were not approved for a COVID-19 Advanced Loan Modification but could appeal that decision. Plaintiffs filed an appeal, which was denied.

On March 8, 2022—before the appeal was decided—SWBC sent Plaintiffs a letter denying the Partial Claim because they had not signed and returned certain required documentation. Plaintiffs contend that SWBC represented that the Partial Claim would remain available throughout the appeal process.

Plaintiffs are currently in default on their mortgage, having not made payments since June 2020. In late 2023, Defendants notified Plaintiffs they would initiate foreclosure proceedings on the Property. Plaintiffs filed this lawsuit on March 28, 2024, in state district court in Galveston County, obtaining a temporary restraining order preventing the foreclosure from taking place. In April 2024, Defendants removed this case to federal court.

Plaintiffs' operative pleading is the Original Petition they filed in state court. Plaintiffs bring the following causes of action against Defendants: (1) wrongful foreclosure; (2) breach of contract; (3) common law fraud; (4) violations of the Texas Debt Collection Act ("TDCA"); (5) violations of the Federal Debt Collection Practices Act ("FDCPA"); and (6) violations of the Texas Deceptive Trade Practices Act ("DTPA"). Defendants have moved for summary judgment on all claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986). Once satisfied, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *See id.* at 324. To do so, "the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). In ruling on a motion for summary judgment, I must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020).

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

Before I turn to the merits of Defendants' motion for summary judgment, I must address Plaintiffs' objections to Defendants' summary judgment evidence. Defendants have submitted the Business Records Declaration of Alex D. Crossman with seven exhibits attached. Crossman explains that he is authorized to make the declaration as the Vice President of Document Execution at Cenlar. The seven exhibits include the promissory note (Exhibit 1), the deed of trust (Exhibit 2), and various correspondence Defendants sent to Plaintiffs (Exhibits 3–7). Based upon his "familiarity with [Cenlar's] business practices, record keeping system, and servicing practices," Crossman states:

> I have access to, have reviewed, and am familiar with the business records of Cenlar, which include the loan documents and correspondence. The documents attached hereto as Exhibits A-1 through A-7 were kept by Cenlar in the regular course of business, and it was Cenlar's regular course of business for an employee or representative of Cenlar, with knowledge of the act or event, to make this record or to transmit the information to be included in this record. The record was made at or near the time or reasonably soon after the act or event that was recorded. The documents attached to this declaration are the original or exact duplicates of the original.

Dkt. 30-1 at 2.

Plaintiffs object to Crossman's declaration and Exhibits 3–7 on several grounds. First, Plaintiffs complain that Crossman lacks personal knowledge because he

> does not state that he personally participated in, or has direct knowledge of, the specific communications with Plaintiffs regarding their loss mitigation applications, the instructions given to Plaintiffs during phone calls, the misplacement of Plaintiffs' modification paperwork, or the internal decision-making processes that led to the denial of the partial claim and loan modifications.

Dkt. 34 at 3. This objection is misplaced. A "declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[A]n affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns." *Carson v. Perry*, No. 95-40551, 1996 WL 400122, at *1 (5th Cir. June 6, 1996); *see also F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254–55 n.12 (5th Cir. 1992) (holding that the district court did not err in considering an affidavit from an employee, who stated that her personal knowledge was based on her review of her employer's business records), *cert. denied*, 507 U.S. 1051 (1993).

Second, Plaintiffs argue that I should not consider Exhibits 3–7 because Defendants have failed to properly authenticate the documents in accordance with Federal Rule of Evidence 803(6). Rule 803(6) provides that records of a business's regularly conducted activity are admissible if the records were: (1) made at or near the time of the recorded activity, (2) made by, or from information transmitted by, a person with knowledge of the activity recorded, (3) kept in the course of a regularly conducted activity of a business, and (4) making the record was a regular practice of that activity. *See* Fed. R. Evid. 803(6). Plaintiffs' objection fails. Crossman's declaration lays the proper foundation to establish that the attached

exhibits are business records within the scope of Rule 803(6). *See Cline v. Deutsche Bank Nat. Tr. Co.*, No. 3:14-cv-1565, 2015 WL 4041791, at *4 (N.D. Tex. July 2, 2015).

In sum, Plaintiffs' objections to Defendants' summary judgment evidence are overruled.

## ANALYSIS

### A. Wrongful Foreclosure

SWBC argues that Plaintiffs' wrongful foreclosure claim fails as a matter of law because no foreclosure sale has occurred. SWBC is correct. "A party cannot state a viable claim for wrongful foreclosure if the party never lost possession of the Property." *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (quotation omitted).

Plaintiffs contend that "a lender's wrongful posting and initiation of foreclosure proceedings—where initiated in breach of the lender's own contractual obligations or applicable regulatory duties—may give rise to damages independent of whether a sale ultimately occurs." Dkt. 34 at 12. This statement has no support in the law. Indeed, it is well settled that "Texas does not recognize an 'attempted wrongful foreclosure' cause of action." *Mitchell v. Ocwen Loan Servicing, LLC*, No. 4:15-cv-668, 2015 WL 13850566, at *4 (N.D. Tex. Dec. 24, 2015); *see also O'Neal v. Select Portfolio Servicing, LLC*, No. 4:15-cv-00962, 2015 WL 12778696, at *2 (S.D. Tex. May 29, 2015) ("Claims for *attempted* wrongful foreclosure, however, are simply not cognizable under Texas law.").[1] Thus, Defendants are entitled to summary judgment on Plaintiffs' wrongful foreclosure claim.

---

[1] Plaintiffs cite *Pointe West Center, LLC v. It's Alive, Inc.*, 796 S.W.2d 830, 838–39 (Tex. App.—Houston [1st Dist.] 1990, writ denied), and *Motten v. Chase Home Financial*, 821 F. Supp. 2d 988, 1008 (S.D. Tex. 2011), for the proposition that a cause of action for wrongful initiation of foreclosure proceedings exists. *Pointe West* is a fabricated cite, and *Motten* states that "courts in Texas do not recognize an action for attempted wrongful foreclosure." 831 F. Supp. 2d at 1007 (quotation omitted). Plaintiffs' counsel is reminded that every submission to the court represents that "the claims, defenses, and other legal contentions" within "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ.

### B. BREACH OF CONTRACT

To prevail on a breach of contract claim under Texas law, Plaintiffs must establish four elements: "(1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) the plaintiff sustained damages as a result of the breach." *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018) (quotation omitted). In their live pleading, Plaintiffs describe their breach of contract claim as follows: "Plaintiffs were having discussions with Defendant SWBC on how to obtain relief and modification of the initial loan to honor the mortgage payment requirements, but Defendant made it impossible for Plaintiffs to obtain any assistance." Dkt. 1-1 at 13. In their opposition to the motion for summary judgment, Plaintiffs suggest that Defendants breached the deed of trust by failing to follow Housing and Urban Development ("HUD") regulations. Plaintiffs do not allege any HUD regulation violations in their live pleading.

No matter which breach of contract theory Plaintiffs pursue, they cannot satisfy the second essential element of a breach of contract claim—that they performed under the operative agreement. The deed of trust requires Plaintiffs to "pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note." Dkt. 30-1 at 11. It is uncontroverted that Plaintiffs violated this provision by failing to make timely monthly payments. *See* Dkt. 34-1 at 6 (admitting that Plaintiffs have defaulted on the terms of the loan by failing to make scheduled mortgage payments or otherwise bring the promissory note current post-forbearance); Dkt. 34-2 at 5 (same). Plaintiffs' payment default began in June 2020, nearly two years before the alleged mishandling of the Partial Claim. As such, Defendants' alleged later breach could not have caused Plaintiffs' initial nonperformance.

---

P. 11(b)(2). "[S]ubmitting a brief riddled with fabricated quotations and assertions is . . . an abuse [of the judicial process]." *Fletcher v. Experian Info. Sols., Inc.*, 168 F.4th 231, 234 (5th Cir. 2026).

Under Texas law, "[i]t is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (quotation omitted). With this basic principle in mind, federal courts routinely dismiss breach of contract actions brought by borrowers in default. *See, e.g.*, *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (affirming dismissal of breach of contract claim where plaintiffs were delinquent on their loan payments); *Bynane v. The Bank of N.Y. Mellon*, No. H-15-2901, 2015 WL 8764272, at *5 (S.D. Tex. Dec. 15, 2015) (dismissing breach of contract action where plaintiff admitted the loan was in default); *Mays v. Wells Fargo Home Mortg.*, No. 3:12-cv-4597, 2013 WL 2984795, at *2 (N.D. Tex. June 17, 2013) ("[W]here the plaintiff has failed to perform a duty under the contract, such as the duty to pay his mortgage, he cannot maintain a breach of contract action."). This case is no different. Plaintiffs' "own default [under the deed of trust] precludes [them] from asserting a cause of action for breach of contract against Defendant[s]." *Bush v. Wells Fargo Bank, N.A.*, No. SA:13-cv-530, 2014 WL 12496571, at *6 (W.D. Tex. Apr. 24, 2014); *see also Jackson v. Bank of Am., N.A.*, No. 3:13-cv-581, 2014 WL 5511017, at *4 (S.D. Miss. Oct. 31, 2014) ("Jackson's admitted default meant that he breached the Deed of Trust first, and therefore he cannot bring a breach of contract claim.").[2] Thus, Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim.

---

[2] Plaintiffs argue that "the prior material breach doctrine does not bar a plaintiff's contract claim where the defendant's own breach caused or contributed to the plaintiff's non-performance." Dkt. 34 at 13. In support, Plaintiffs cite Restatement (Second) of Contracts § 237 cmt. d (1981), and *Tractebel Energy Marketing, Inc. v. E.I. Du Pont De Nemours & Co.*, 118 F. Supp. 2d 737, 744 (S.D. Tex. 2000). The use of these citations is either the product of incredibly shoddy legal work or an outright misrepresentation to the court. The *Tractebel* case is fabricated, and the referenced Restatement provision says nothing of the sort.

### C. Common Law Fraud

Plaintiffs assert a claim for common law fraud, arguing Defendants misled them during the loan modification review process. Defendants argue Plaintiffs' fraud claim is barred by: (1) the statute of frauds and (2) the economic loss rule. Because the economic loss rule bars Plaintiffs' fraud claim, I need not address Defendants' argument regarding the statute of frauds.

The Texas Supreme Court has held that when the parties' contractual relationship "could create duties under both contract law and tort law, the 'nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone.'" *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45 (Tex. 1998) (quoting *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex. 1986)). One exception to this rule is when the economic loss is the result of being fraudulently induced into a contract. *See Formosa Plastics*, 960 S.W.2d at 47. Plaintiffs contend that they fall within this exception because "Defendants' misrepresentation that the Partial Claim would remain available during appeal—set out in writing—and their misrepresentation that documents had merely been 'misplaced' are affirmative tortious acts that imposed harm independent of any breach of the *Deed of Trust*." Dkt. 34 at 16. I disagree.

Defendants' misrepresentations did not induce Plaintiffs to enter the promissory note or deed of trust. At most, Defendants' misrepresentations induced Plaintiffs not to accept the Partial Claim immediately. That is post-formation reliance, not fraudulent inducement. *See W. Loop Hosp., LLC v. Hous. Galleria Lodging Assocs., LLC*, 649 S.W.3d 461, 487–88 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) ("Because these claims all concern representations allegedly made *after* execution of the Purchase Agreement, these claims are not claims for fraudulent inducement of the contract. Thus, these claims do not fall within the exception to the economic loss rule for fraudulent inducement claims."); *see also Aspan v. Carrington Mortg. Servs., L.L.C.*, No. 23-20545, 2024 WL 4054375, at

*3 (5th Cir. Sept. 5, 2024) ("Because 'no factual basis for the tort claim would exist had [Carrington] complied with the contract,' *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc.*, 787 F.3d 716, 726 (5th Cir. 2015), Aspan's fraud and negligence claims are barred by the economic-loss rule."). Accordingly, Plaintiffs' fraud claim is barred by the economic loss rule.

**D. TDCA**

Defendants offer three reasons why they are entitled to summary judgment on Plaintiffs' TDCA claim: (1) the claim is time-barred; (2) the TDCA does not apply to loan modification communications; and (3) Plaintiffs have not sustained any damages. I need only address the second argument.

The TDCA prohibits debt collectors from using threats, coercion, or other wrongful practices to collect consumer debts. *See Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). The elements of a TDCA claim are:

> (1) the debt is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the defendant committed the wrongful act against the plaintiff; and (5) the plaintiff was injured by the defendant's wrongful act.

*Rentfrow v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 4:19-cv-3507, 2020 WL 1893558, at *5 (S.D. Tex. Mar. 25, 2020).

In their live pleading, Plaintiffs allege that "SWBC made a material misrepresentation to Plaintiffs during their negotiation for COVID-19 aid and thus violated the Texas Debt Collection Act." Dkt. 1-1 at 14. Although Plaintiffs identify no particular TDCA provision in their petition, Plaintiffs' summary-judgment response relies on Texas Finance Code §§ 392.304(a)(8) and (19). *See* Dkt. 34 at 18. Defendants argue that the alleged loss-mitigation communications are not actionable under either provision. *See* Dkt. 30 at 10–11; *see also Carmon v. Carrington Mortg. Servs., LLC*, No. 4:22-cv-03534, 2025 WL 1168280, at *5 (S.D. Tex. Apr. 22, 2025) ("[T]he TDCA does not apply to communications regarding

loan modification or postponement of foreclosure. Neither of those activities constitutes debt collection covered by the TDCA."). I agree.

Section 392.304(a)(8) prohibits misrepresentations concerning "the character, extent, or amount of a consumer debt." Plaintiffs complain that Defendants misrepresented the availability and processing of loss-mitigation options. But Plaintiffs do not identify any affirmative misrepresentation that caused them to misunderstand that they had a mortgage debt, the amount they owed, or their default status. A representation concerning a possible means of resolving a debt is not a representation concerning the character, extent, amount, or status of the debt itself. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013).

Section 392.304(a)(19) prohibits using a false representation or deceptive means "to collect a debt." "Communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification and thus they do not state a claim under [§] 392.304(a)(19)." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). Although "modification discussions may constitute debt collection activities under the TDCA when those discussions are used as a ruse to collect debt," Plaintiffs identify no evidence of such a ruse here. *See Strong v. Green Tree Servicing, L.L.C.*, 716 F. App'x 259, 265–66 (5th Cir. 2017). At most, Plaintiffs' evidence reflects allegedly false or mishandled communications during the loss-mitigation process—not deceptive means used to collect the underlying debt. *See Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014). Thus, Defendants are entitled to summary judgment on Plaintiffs' TDCA claim.

**E. FDCPA**

Defendants contend that Plaintiffs' FDCPA claim fails because they are not "debt collectors" under the FDCPA. Plaintiffs have no response.

To be liable under the FDCPA, a defendant must be a "debt collector," which the FDCPA defines as "any person who uses any instrumentality of interstate

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Fifth Circuit has held that "mortgage lenders are not debt collectors within the meaning of the FDCPA." *Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x. 424, 428 n.1 (5th Cir. 2012) (quotation omitted). The same is true for mortgage servicing companies. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). Because Defendants are a mortgage lender and a mortgage servicer, they are entitled to summary judgment on Plaintiffs' FDCPA claim.

**F. DTPA**

Defendants insist that Plaintiffs' DTPA claim is barred because Plaintiffs are not "consumers" as defined by the statute. Plaintiffs offer no argument in response.

To bring a cause of action under the DTPA, Plaintiffs must have standing as "consumers." Tex. Bus. & Com. Code § 17.50(a). The DTPA defines a consumer, in relevant part, as "an individual . . . who seeks or acquires by purchase or lease, any goods or services." *Id.* § 17.45(4). Texas courts have consistently held that to establish consumer status under the DTPA, plaintiffs must show: (1) that they acquired goods or services by purchase or lease; and (2) "that the goods or services purchased or leased must form the basis of the complaint." *Sherman Simon Enters. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 15 (Tex. 1987). Whether Plaintiffs are consumers under the DTPA is a question of law. *See Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 572 (Tex. App.—Austin 2003, no pet.).

The Fifth Circuit has held that a mortgagor qualifies as a consumer under the DTPA only if his "primary objective in obtaining the loan was to acquire a good or service, and *that good or service forms the basis of the complaint*." *Miller v.*

*BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013) (emphasis added). As Defendants correctly point out, "Plaintiffs' DTPA claim [in this case] arises from the servicing of their mortgage, handling of [their] loss mitigation applications, and posting of the Property for foreclosure." Dkt. 30 at 13. "Because Defendants' actions in this regard were merely incidental to the loan transaction itself, and because money is not a good or a service, Plaintiffs are not 'consumers' as defined by the DTPA and cannot bring a cause of action under that statute." *Id.*; *see also Navarro v. Fifth Third Mortg. Co.*, 637 F. App'x 150, 151 (5th Cir. 2016) (holding that the borrower on a mortgage loan is not a consumer under the DTPA because "the borrowing of money is not a transaction in goods or services under the statute" (quotation omitted)); *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014) (Plaintiff "is not a consumer under [the DTPA] because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction."). Accordingly, Defendants are entitled to summary judgment on Plaintiffs' DTPA cause of action.

**CONCLUSION**

For the reasons discussed above, I recommend that Defendants' motion for summary judgment (Dkt. 30) be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 4th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE